UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JOHN SMITH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-002 AS |
| ) | |
| **WALTER MARTIN,** ) | |
| ) | |
| Respondent. ) | |

*OPINION AND ORDER*

John Smith, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 180 day loss of good time and demotion from credit class one to credit class two in case MCF 06-08-0388 on September 7, 2006 by the Disciplinary Hearing Board ("DHB") at the Miami Correctional Facility.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Smith attempts to raise three grounds in this challenge: insufficient evidence to support the charges, denial of evidence, and stacking of charges. In his first argument, Mr. Smith asserts that his actions do not fall within the statutory definition of trafficking. In essence, Mr. Smith is arguing that there is insufficient evidence to find him guilty of engaging in trafficking in violation of A-113. "[T]he relevant question is whether there is any evidence in the record that

could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the DHB stated that it relied upon the Report of Investigation. The report states that while Mr. Smith was working on the mowing crew, Mr. Smith left his area and went into the woods to meet a female, Susan Weist, and that Mr.

Smith received a pack of gum from her. Ms. Weist admitted giving Mr. Smith a pack of gum and the pack of gum was found in his pocket. This is some evidence that he is guilty of engaging in trafficking.

Next, Mr. Smith asserts that he requested statements from all witnesses, but that they were denied. First Mr. Smith states that he requested Ms. Weist's statement. The DHB denied Mr. Smith's request for Ms. Weist's statement because Ms. Weist had already given her statement in the Report of Investigation. While Wolff v. McDonnell, 418 U.S. 539 (1974) requires that he be permitted to submit relevant exculpatory evidence, Wolff does not require that irrelevant, repetitive, or unnecessary evidence be presented. See Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002). Because Ms. Weist had already given her statement, acquiring another statement from her would be repetitive. The DHB did not violate Mr. Smith's rights by not allowing the repetitive evidence.

Mr. Smith also states that he requested the statement of Indiana State Police Detective Mike Tarra. Mr. Smith asserts that these "documents were denied to petitioner prior to and/or during the disciplinary hearing." (docket #1, page 4). Mr. Smith does not allege that the board did not review Detective Tarra's statements. The DHB indicates that it relied upon evidence from witnesses. Thus, Mr. Smith simply alleges that the documents were "denied to petitioner." The failure of Mr. Smith to receive a copy of the documents alone is not a violation of Wolff. Wolff requires that Mr. Smith be permitted to submit relevant exculpatory

evidence, it does not entitled him to see or review any of the evidence himself.

> Baxter v. Palmigiano, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976), warns the courts of appeals not to add to the procedures required by Wolff, which, Baxter held, represents a balance of interests that should not be further adjusted in favor of prisoners.

White v. Indiana Parole Board, 266 F.3d 759, 768 (7th Cir. 2001). Because Wolff does not require that he be provided with a copy of the statements against him, this argument does not state a claim for habeas relief.

Finally, Mr. Smith argues that this charge was wrongfully stacked with a charge of engaging in a sex act because both occurred at the same time and place. While Mr. Smith may have been charged with two offenses, engaging in trafficking and engaging in sex acts, which arose from the same incident, Mr. Smith was not sanctioned twice for the same offense. Rather, Mr. Smith was sanctioned for two separate offenses. Consequently, this challenge does not state a claim for habeas relief.

For the foregoing reasons, the habeas corpus petition is **DISMISSED** pursuant to Habeas Corpus Rule 4.

**IT IS SO ORDERED.**

**ENTERED: February 23, 2007**

                                            **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**